IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MANNASEH ROYDREGO SKINNER,    :
                              :
    Plaintiff,                :
                              :   CASE NO.: 1:14-CV-174 (WLS)
v.                            :
                              :
SHERIFF KEVIN SPROUL, *et al.*, :
                              :
    Defendants.               :
                              :

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed December 1, 2014. (Doc. 7.) Therein, Judge Langstaff recommends dismissing Plaintiff Mannaseh Roydrego Skinner's Eighth Amendment claims against Defendants Doe, Hawkins, Dice, Francois, Williams, Cross, Owens, Handle, Lewis, Collier, Wilson, Hunt, Bryant, Adams, and Goren, but permitting Skinner's Fourth and Fourteenth Amendment claims against those Defendants to proceed; dismissing the claims against "Unnamed Officers"; dismissing the failure to train claims against Defendants Sproul and Ostrander and all First, Fifth and Sixth Amendment claims; dismissing denial of medical care claims against Defendant Wilson but allowing such claims to proceed against Defendants Hunt, Handle, Williams, and Montgerard; and dismissing the Equal Protection and Section 1983 conspiracy claims. (*Id.* at 6-11.) Judge Langstaff declined to consider the merits of Skinner's state law claims, and recommends denying Skinner's Motion for Preliminary Injunction. (*Id.* at 12-14.) Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided Skinner with fourteen days to file an objection. (*Id.* at 15.) Skinner timely filed an objection to the referenced Recommendation. (Doc. 10.)

Skinner sets forth six specific objections. First, Skinner argues that the Eighth Amendment applies to pretrial detainees. (*Id.* at 1-3.) The Court disagrees. Pretrial detainees are afforded "rights not enjoyed by convicted inmates" as provided by the Fourth and

1

Fourteenth Amendments. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572-73 (11th Cir. 1985) (quoting *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (rev'd on other grounds)). The Fourth and Fourteenth Amendments provide greater protection to Skinner than would the Eighth Amendment.

Second, Skinner argues that the Fifth Amendment protects him from forceful collection of DNA swabs. (Doc. 10 at 3-4.) The Court disagrees. The Fifth Amendment is not implicated by the collection of DNA swabs from a person's mouth because "[n]ot even a shadow of testimonial compulsion upon or enforced communication by the accused was involved . . . in the extraction." *Schmerber v. California*, 384 U.S. 757, 765 (1966). Third, and relatedly, Skinner argues that he should have been provided the assistance of counsel during the DNA extraction. The Court disagrees. The presence of counsel during the DNA swabbing at issue in this case would not "preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself." *See United States v. Wade*, 388 U.S. 218, 227 (1967).

Fourth, Skinner argues that his First Amendment claim should be permitted to proceed against Defendants Haggerty and Montgerard because Skinner took actions adverse to those Defendants that were protected by the First Amendment, and those Defendants later took actions adverse to Skinner. (Doc. 10 at 5-6.) Without more specific allegations of the casual connection between the protected activities and the alleged retaliatory conduct, the Court agrees with Judge Langstaff that such claims cannot proceed. *See Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).

Fifth, Skinner argues that his Equal Protection claim should be permitted to proceed because he was similarly situated to another inmate who refused DNA swabbing, but Skinner was punished whereas the other inmate was not. (Doc. 10 at 6-7.) The Court agrees with Judge Langstaff's Recommendation. Skinner has not demonstrated that he is similarly situated to the other inmate. As such, the Equal Protection claim must be dismissed. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).

Lastly, Skinner argues that his conspiracy claim should not be dismissed because his allegation that the Defendants' actions were premeditated is sufficient to infer that there was an agreement sufficient to support a conspiracy claim. (Doc. 10 at 7-8.) The Court disagrees. Skinner has not put forth any allegation to suggest that the Defendants came to an agreement to violate any of Skinner's rights. Accordingly, the conspiracy claim is subject to dismissal. *See Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992).

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 7) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. For the reasons stated above, Plaintiff Manasseh Roydrego Skinner's Objection (Doc. 10) is **OVERRULED** and his First, Fifth, Sixth, Eighth Amendment claims; failure to train, Equal Protection, and Section 1983 conspiracy claims; claims against "Unnamed Officers"; and failure to provide medical care claim against Defendant Wilson are **DISMISSED** and the Motion for Preliminary Injunction (Doc. 4) is **DENIED.** The remaining claims against Defendants Doe, Hawkins, Dice, Francois, Williams, Cross, Owens, Handle, Lewis, Collier, Wilson, Hunt, Bryant, Adams, Goren, and Montgerard shall proceed.

**SO ORDERED**, this  14th   day of January 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**