IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MANASSEH ROYDREGO SKINNER, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 1:14-CV-174-WLS-MSH |
| | : | |
| KEVIN SPROUL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER AND
## REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiff's motions to amend (ECF Nos. 12, 30), motion for a default judgment (ECF No. 22), motion for leave to depose a third party (ECF No. 28), motion for a physical examination (ECF No. 29), and motion for an extension of time to complete discovery (ECF No. 41). For the reasons explained below, Plaintiff's motions to amend are granted and service is ordered on those parties not previously identified or served. It is recommended, however, that several previously dismissed claims reasserted in the Amended Complaint be again dismissed. Plaintiff's motion to depose a third party, motion for a physical examination, and motion for an extension of time to complete discovery are denied.

### BACKGROUND

The present case arises out of an alleged use of excessive force at the Dougherty County Jail. In his Complaint, Plaintiff alleges that he was taken from his cell on October 17, 2014, and advised that a judge had issued an order requiring him to provide a

sample of his DNA. Plaintiff refused to comply, citing his Fifth Amendment right against self-incrimination. He claims that various officers and medical staff then took a DNA sample by force and assaulted him during and after taking the sample. Plaintiff further alleges that he was denied medical treatment for his injuries and filed several grievances concerning these events to which the grievance officer refused to issue a response.

After a preliminary review of his Complaint, Plaintiff's Fourth and Fourteenth Amendment Claims against Detective John Doe, Sergeant Hawkins, Investigator Dice, Lt. LeFrancois, Nurse Williams, Officer Cross, Officer Owens, and Officer Handle for excessive force in taking the DNA sample were allowed to proceed. Likewise, his claims under those amendments against Major Lewis, Captain Collier, Corporal Wilson, Corporal Hunt, Corporal Bryant, Deputy Cruz (formerly Adams), and Deputy Goree for failure to intervene were allowed to proceed. While Plaintiff's claims against Detective John Doe were allowed to proceed, his claims against other unidentified "unnamed officers" were dismissed. Additionally, his Fourteenth Amendment claims for a denial of medical care were allowed to proceed against Corporal Hunt, Officer Handle, Nurse Williams, and Nurse Montgerard.

Plaintiff filed a motion to amend on January 5, 2015 in which he identifies his John Doe defendants as Albany Police Department Gang Task Force officers Charlie Roberts and Tyrone Griffin and Dougherty County Jail officers Christian and Gregory Stone. (ECF No. 12.) He also therein identifies two Nurse Williams—one as an employee of the Dougherty County Jail and one an employee of Phoebe Putney

2

Memorial Hospital. Am. Compl. 1-2, ECF No. 12-2. On March 26, 2015, Plaintiff filed a second motion to amend in which he seeks to clarify that the person previously identified as Nurse W. Williams is Watisha Williams who works at "Lily Pad." Second Mot. for Leave to Am. 1, ECF No. 30. Plaintiff has also filed a motion for default judgment against all defendants (ECF No. 22) and several discovery motions (ECF Nos. 28, 29, 41). These motions are now ripe for review.

## DISCUSSION

### I. Motions to Amend

Plaintiff currently has two motions to amend pending. His first motion to amend was filed in this Court on January 5, 2015, but was signed by Plaintiff on December 19, 2014. Mot. for Leave to Am. 2, ECF No. 12. This is within twenty-one days of service and is consequently a motion to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Plaintiff's first motion to amend is thus granted.

His second motion to amend seeks to clarify the name of a defendant formerly identified as "W. Williams." Second Mot. for Leave to Am. 1. Specifically, Plaintiff states that W. Williams is Watisha Williams who is employed at Lily Pad, not Phoebe Putney. Plaintiff sought agreement from opposing counsel for this amendment. *See* Second Mot. for Leave to Am. Exs. A-D, ECF No. 30-1. Opposing counsel filed written consent to Plaintiff's proposed amendment. Second Mot. for Leave to Am. Ex. D; Letter, Mar. 23, 2015, ECF No. 34; Letter, Apr. 17, 2015, ECF No. 37. Consequently, Plaintiff's second motion to amend is granted pursuant to Federal Rule of Civil Procedure Rule

15(a)(2). Nurse W. Williams will be amended on the docket to be Nurse Watisha Williams and service is ordered on her as directed below.

## II. Motion for Default Judgment

Plaintiff moves for an entry of default (ECF No. 22) because he believes that Defendants should have answered or otherwise responded to his Complaint within thirty days of the mailing of request to waive service. Service was ordered in this case on December 1, 2014. (ECF No. 7.) The Process Receipt and Return and Waiver of Service of Summons were not mailed until December 3, 2014. (ECF No. 9.) Defendants filed their waivers on December 23, 2014 (ECF No. 11), January 21, 2015 (ECF No. 15), and February 11, 2015 (ECF No. 25).[1] Moreover, Defendants timely filed answers by the sixty-day deadline assuming waiver of service—February 2, 2015.[2] *See* Montgerard Answer, Jan. 29, 2015, ECF No. 16; Williams Answer, Jan. 29, 2015, ECF No. 17; Answer, Feb. 2, 2015, ECF No. 18; Dice, Doe, Hawkins Answer, Feb. 2, 2015, ECF No. 19.

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Federal Rules of Civil Procedure Rule 4 covers the issue of service. Rule 4(d) states that when a waiver of service is requested, as was in

---

[1] Although the last waivers were not filed until February 11, 2015, they were executed on December 5, 2014. Roberts Waiver of Service of Summons, ECF No. 25 at 2; Hawkins Waiver of Service of Summons, ECF No. 25 at 4. The reason for the discrepancy in the filing date is unclear from the docket.

[2] The sixtieth day, February 1, 2015, fell on a Sunday. Consequently, Defendants had until Monday, February 2, 2015 within which to file their answers. Fed. R. Civ. P. 6(a)(1)(C).

this case, a defendant must be given "a reasonable time of *at least 30 days* after the request was sent" to return the waiver. Fed. R. Civ. P. 4(d)(1)(F) (emphasis added). Additionally, if a defendant files a waiver, he has "60 days after the request was sent" to file an answer or responsive pleading to the complaint. Fed. R. Civ. P. 4(d)(3).

Although the Order for Service was filed in this case on December 1, 2014, the request for waiver of service was not mailed to Defendants until December 3, 2014. Consequently, if Defendants chose to waive service, they had sixty days from December 3, 2014 until February 2, 2015, to file an answer to the Complaint. Defendants timely filed their answers to the Complaint (ECF Nos. 16-19 ) on January 29, 2015 and February 2, 2015. Therefore, Defendants are not in default and Plaintiff's motion (ECF No. 22) is denied.

**III.   Discovery Motions**

Plaintiff currently has three discovery motions pending. These motions are denied as explained below.

A.   Motion for Leave to File Deposition Upon Written Questions

Plaintiff seeks leave to file a deposition upon written questions pursuant to Federal Rule of Civil Procedure 31 (ECF Nos. 28). Plaintiff only needs permission from this Court to depose someone who is incarcerated. Fed. R. Civ. P. 31(a)(2)(B). At this time, Plaintiff's request is thus denied as moot. Plaintiff may depose witnesses pursuant to Rule 31 at his own expense.

B.     Motion for Physical Examination

Plaintiff moves for a physical examination pursuant to Federal Rule of Civil Procedure 35. (ECF No. 29.) He seeks to use this examination to prove that he was injured when his DNA was forcibly taken on October 17, 2014. A physical examination at this point is irrelevant to the injuries sustained on October 17, 2014. Plaintiff can prove he sustained injuries through his medical records, witness testimony, and/or affidavits which would be better suited to show that Plaintiff suffered injuries at the time of the alleged excessive force. Plaintiff's request is consequently denied.

C.     Motion for an Extension of Time to Complete Discovery

Finally, Plaintiff moves for an extension of time to complete discovery due to the addition of several defendants in his amended complaints. *See* Mot. to Extend Disc. 1-2, ECF No. 41. Discovery is independent for each defendant and does not begin to run until that defendant files an answer or other responsive pleading. Consequently, Plaintiff's motion is denied as moot. However, if the parties wish to jointly extend discovery due to the additional defendants, they may do so by joint motion filed within fourteen days of the date of this Order.

**IV.   Preliminary Review of Amended Complaint**

A.     Standard for Preliminary Review

Because Plaintiff's Amended Complaint "seek[s] redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387

F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed broadly and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-56.

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B.     Plaintiff's Amended Claims

As mentioned above, the following claims survived the preliminary review of his initial Complaint: (1) Fourth and Fourteenth Amendment Claims against Detective John Doe (Charlie Roberts), Sergeant Hawkins, Investigator Dice, Lt. LeFrancois, Nurse W. Williams, Officer Cross, Officer Owens, and Officer Handle for excessive force in taking the DNA sample; (2) Fourth and Fourteenth Amendment claims against Major Lewis, Captain Collier, Corporal Wilson, Corporal Hunt, Corporal Bryant, Deputy Cruz (formerly Adams), and Deputy Goree for failure to intervene/protect; (3) Fourteenth Amendment claims for a denial of medical care against Corporal Hunt, Officer Handle, Nurse Williams, and Nurse Montgerard.  The following claims in Plaintiff's initial Complaint were dismissed: (1) Plaintiff's Eighth Amendment excessive force claims; (2) all claims against Sheriff Sproul and Colonel Ostrander; (3) Plaintiff's Fifth Amendment claims; (3) his Sixth Amendment claims; (4) his deliberate indifference to a serious medical needs claim against Corporal Wilson; (5) First Amendment retaliation claims against Major Haggerty and Lt. Montgerard; (6) Fourteenth Amendment equal protection claims against Major Haggerty; (7) conspiracy claims against Major Haggerty, Lt. Montgerard, Nurse Montgerard, Corporal Hunt, Officer Handle, Nurse Williams, Corporal Wilson and Lt. LeFrancois.  Order & R&R 6-12, Dec. 1, 2014, ECF No. 7; Order 1-3, Jan. 14, 2013, ECF No. 13.

The Court declines to engage in a duplicative explanation of why Plaintiff's reasserted claims should be dismissed.  For the reasons explained in the initial Report and Recommendation and Order adopting that Recommendation over Plaintiff's objections, it

8

is again recommended that the following claims be dismissed: (1) all Fifth, Sixth, and Eighth Amendment claims; (2) all conspiracy claims; (3) Plaintiff's First Amendment retaliation claims against Major Haggerty and Lt. Montgerard;[3] (4) Plaintiff's deliberate indifference claim against Corporal Wilson,[4] and Plaintiff's claims that Sheriff Sproul, Colonel Ostrander, Major Lewis, Major Haggerty, Lt. Montgerard, and Captain Collier are liable as supervisors for various failures to train, to discipline, and to properly manage, and for creating a custom of using excessive force and denying medical treatment.[5] It is likewise recommended that the following claims be allowed to proceed with some additional defendants: (1) Fourth and Fourteenth Amendment claims against Charlie Roberts (formerly John Doe), Sergeant Hawkins, Investigator Dice, Lt. LeFrancois, Nurse W. Williams, Officer Cross, Officer Owens, and Officer Handle for excessive force while obtaining Plaintiff's DNA; (3) Fourth and Fourteenth Amendment claims for failure to protect or intervene against Tyrone Griffin, Major Lewis, Captain Collier, Corporal Wilson, Corporal Hunt, Corporal Bryant, Deputy Cruz (formerly Adams), Deputy Goree (identified as "Goren" in the Amended Complaint), Officer

---

[3] Plaintiff again fails to factually allege a causal connection between his protected activity and the Defendants' alleged retaliatory acts. Statements that Defendants acted with "evil-intent to punish [Plaintiff]" are the type of self-serving conclusory allegations that do not support a claim for retaliation. *See, e.g.,* Order & R&R 9-10, Dec. 1, 2014; Order 2, Jan. 14, 2013.

[4] Plaintiff again fails to include any factual allegations concerning Corporal Wilson's alleged deliberate indifference. She is merely lumped in with Defendants Hunt and Handle in Plaintiff's cause of action section regarding their alleged deliberate indifference to Plaintiff's serious medical need.

[5] Plaintiff's allegations concerning these claims are merely conclusory allegations that supervisors failed to punish and/or properly train their subordinates. As explained in the Report and Recommendation, such allegations do not state a claim under § 1983. *See, e.g.,* Order & R&R 7-8, Dec. 1, 2014; Order 2, Jan. 14, 2013.

Christian, and Officer Stone; and (4) Fourteenth Amendment claim against Nurse Montgerard, Nurse Williams, Corporal Hunt, and Officer Handle for deliberate indifference to his serious medical needs. These claims add three defendants and clarify two—Charlie Roberts, who has already been served, Albany Police Department Gang Task Force member Tyrone Griffin, Dougherty County Jail Officers Christian and Stone, and Nurse Watisha Williams who works at Lily Pad.

There are two remaining federal claims from Plaintiff's Amended Complaint that are discussed below. Plaintiff claims that his procedural and substantive due process rights have been violated by Defendants Charlie Roberts (formerly John Doe), Sergeant Hawkins, Investigator Dice, Lt. LeFrancois, and Nurse Watisha Williams. Plaintiff also brings several state law claims which are briefly discussed below.

### 1. *Substantive and Procedural Due Process*

Plaintiff claims generally that Defendants Charlie Roberts (formerly John Doe), Sergeant Hawkins, Investigator Dice, Lt. LeFrancois, Nurse Watisha Williams violated his due process rights in taking his DNA through excessive force. He then later states that these Defendants, excluding Watisha Williams, violated his substantive due process rights "by use of unnecessary force with evil-intent to cause bodily harm and obtain evidence." Am. Compl. 10. These allegations are sufficient to survive a preliminary review.

The Court notes that Defendant Lt. LeFrancois, along with several other Defendants, filed a motion for summary judgment to which he attached a certified copy of a search warrant which provides for the collection of Plaintiff's DNA. *See* Mot. for

10

Summ. J. Ex. 1, ECF No. 49-3.  As the warrant appears facially valid, it is likely that these claims will be resolved in Defendants' favor.  The Court, however, will not consider the warrant at the frivolity review stage.  Defendant LeFrancois is directed to amend his motion for summary judgment to address these additional claims.

### 2. *State Law Claims*

Plaintiff also asserts state law claims for intentional misconduct, gross negligence, assault/battery, and intentional infliction of emotional distress.  To the extent that Plaintiff is attempting to assert a separate cause of action for general "intentional misconduct," no such independent claim exists in Georgia.  *See, e.g., Kidd v. Coates*, 271 Ga. 33, 33 (discussing intentional conduct in the context of immunities); *Hamilton v. Powell, Goldstein, Frazier, & Murphy*, 252 Ga. 149, 149 (1984) (discussing allegations of intentional misconduct to prove elements of damages).  It is therefore recommended that Plaintiff's claim for intentional misconduct be dismissed.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to amend (ECF Nos. 12, 30) are granted.  Plaintiff's motion for a default judgment (ECF No. 22), motion for leave to depose a third party (ECF No. 28), motion for a physical examination (ECF No. 29), and motion for an extension of time to complete discovery (ECF No. 41) are denied.  It is recommended that several previously dismissed claims reasserted in the Amended Complaint and Plaintiff's state law claim for intentional misconduct be dismissed.  The currently served parties shall have fourteen days within which to file or amend their dispositive motions.  When addressing the excessive force claims, the Court directs the

parties to *Kingsley v. Hendrickson*, -- U.S. --, No. 14-6368, 2015 WL 2473447, at *6-7 (June 22, 2015) for the proper standard to be applied to pre-trial detainees.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## ORDER FOR SERVICE

Service is ordered on Albany Police Department Gang Task Force Officer Tyrone Griffin, Dougherty County Jail Officers Christian and Gregory Stone, and Lily Pad employee Watisha Williams. They shall file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

**DUTY TO ADVISE OF ADDRESS CHANGE**

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,**
**PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

SO ORDERED and RECOMMENDED, this 30th day of June, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE